THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ELI-
ZARDO RUIZ TORRES, Defendant and Appellant.

No. CR-67-108.      Decided April 21, 1971.

*Héctor M. Martínez Colón* for appellant. *J. B. Fernández Badillo,
Solicitor General, J. F. Rodríguez Rivera, Acting Solicitor
General,* and *Héctor R. Orlandi Gómez, Assistant Solicitor
General,* for The People.

PER CURIAM: Appellant was accused of robbery. He coin-
cided with the aggrieved party in a cafeteria at a ward in
Peñuelas. The aggrieved party drank some beers, paid, and
he was left with $87 which he placed in a billfold which he
kept in one of his shirt pockets. The aggrieved party left
towards Peñuelas. A short while after he left, it was already
past midnight, appellant ran into him, took him by his feet
and snatched away his billfold tearing his shirt.

Appellant's defense was an alibi. The judge permitted the
presentation of evidence on the defense of alibi despite the

fact that the prosecuting attorney was not served notice as required by Rule 74 of the Rules of Criminal Procedure. He alleges that when he left the bar he went towards Ponce; that there in that city they had an automobile accident and in order to corroborate his testimony, the information filed, where it is alleged that the accident took place at one o'clock in the morning and where appellant appears as witness for the prosecution, was presented in evidence.

The jury considered all the evidence and settled the conflict against appellant.

The defense, after the verdict of the jury was announced, requested the verification of the same, by polling the jury. The judge denied the petition in the manner requested. He decided that the proper thing was to ask each one whether the verdict returned represented the view of the jury. That decision was correct. Rule 151 provides that "When a verdict is rendered, the jury may be polled at the request of either party or on the court's own motion. If as the result of this poll, it is determined that the verdict was not rendered by at least nine jurors, the jury must be sent out for further deliberation or it may be discharged."

The purpose of this Rule is to guarantee to defendant that the verdict announced is the jury's actual agreement, and that none of the jurors has been coerced. It is the opportunity the jurors have to protest in open court if the verdict returned is inconsistent with what they agreed upon. *Miranda* v. *United States*, 255 F.2d 9 (1st Cir. 1958); 2 Wright, Federal Practice & Procedure, § 517 (1969 ed.). Certainly this Rule does not authorize to disclose how each one of the jurors voted. It guarantees the defendant to verify that the verdict announced is the jury's actual agreement, but nothing else. The court has discretion as to the manner of conducting the poll. *Posey* v. *United States*, 416 F.2d 545 (5th Cir. 1969). In the jurisdictions where the verdict is rendered by majority it is very important to keep in secret how each of the members

of the jury voted. *Cf. Jaca* v. *Delgado, Warden,* 82 P.R.R. 389 (1961).

The judgment is affirmed.